UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY W ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. C16-1045 RSM<br><br>ORDER GRANTING IN PART DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS |

This matter comes before the Court on Defendant U.S. Bank National Association ("U.S. Bank")'s Motion to Dismiss, Dkt. #16.[1] Pursuant to Rules 37 (b)(2)(A)(v), 37 (d)(3) and 41(b), U.S. Bank moves the Court for an Order dismissing this action with prejudice and awarding U.S. Bank the attorney's fees and costs it has incurred in defending this action. Dkt. #16 at 1. Plaintiff fails to oppose this Motion. For the reasons set forth below, the Court GRANTS IN PART U.S. Bank's Motion.

## I.  BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. On August 18, 2016, the Court issued its Order Regarding Initial Disclosures, Joint Status Report

---

[1] The Court notes the unopposed Motion to Join filed by Defendants Glogowski Law Firm and Allegiant Law Group. Dkt. #18. The Court finds such Motion unnecessary given the requested relief of dismissal of all of Plaintiff's claims. The Court will grant this Motion but concludes that an award of expenses to these Defendants is not requested, supported, or just given the circumstances of this case.

ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS - 1

and Early Settlement. Dkt. #8. The Order directed the parties to provide initial disclosures under Rule 26(a)(1)(A) on or before September 22, 2016, to conduct a Rule 26(f) conference by September 15, 2016, and to file a combined Joint Status Report by September 29, 2016. *Id.* Defendant U.S. Bank timely provided U.S. Bank's initial disclosures, but Plaintiff failed to provide disclosures or otherwise respond. *See* Dkt. #10 at ¶ 2.

U.S. Bank's counsel emailed Plaintiff on August 22 and September 9, 2016, and left a voicemail for Plaintiff on September 13, 2016, seeking his cooperation in scheduling the Rule 26(f) conference and in preparing and filing the Joint Status Report as required by the Court. Plaintiff failed to respond in any fashion. *Id.* at ¶ 3.

Plaintiff was served via mail and email with U.S. Bank's First Set of Interrogatories and Requests for Production to Plaintiff on September 25, 2016. *Id.* at ¶ 4; Dkt. #10-1. Plaintiff apparently failed to respond in.  On October 25, 2016, U.S. Bank's counsel emailed Plaintiff asking when responses would be received.  Plaintiff never responded. Dkt. #10 at ¶ 4. On October 28, 2016, U.S. Bank's counsel telephoned Plaintiff and conducted a Rule 37(a)(1)(A) conference regarding Plaintiffs failure to respond to the discovery requests. *Id.* Plaintiff apologized for his delay and promised to serve complete responses on or before Friday November 4, 2016.  *Id.*  U.S. Bank received nothing from Plaintiff.  *Id*.  U.S. Bank filed a Motion to Compel on November 7, 2016.  Dkt. # 9.  Plaintiff failed to respond.  The Court granted the Motion to Compel and a subsequent Motion for Attorney Fees.  Dkts. #11 and #15.  The Court gave Plaintiff until December 15, 2016, to comply with his discovery obligations. Dkt. #11.  Plaintiff has apparently failed to do so. Dkt. #16 at 2.  U.S. Bank filed the instant motion on January 9, 2017.  Plaintiff has again failed to respond.

ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS - 2

## II.  DISCUSSION

Rule 26(a)(1)(A) requires Plaintiff to provide basic information to support his claims in this action.  Plaintiff has continued to ignore that rule.  Plaintiff has now ignored the Court's subsequent Order on U.S. Bank's Motion to Compel.  Under Rules 37(b)(2)(A) and 37(d)(3), sanctions may be warranted for Plaintiff's behavior, up to and including dismissal.  Plaintiff has had notice of the possibility of this extreme sanction, and has again failed to respond.  Under Local Rule 7(b)(2), if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).  The Court has considered each of these factors and determined that Plaintiff's complete lack of compliance with this Court's prior Orders, obligation to respond to Motions, and obligations under the rules regarding discovery leave the Court with no less drastic sanction than dismissal with prejudice.  The Court is forced to agree with U.S. Bank that Plaintiff "has done nothing but file a lawsuit and sit on his hands," and that Plaintiff is apparently hoping to "string out this lawsuit unnecessarily with no foreseeable resolution." Dkt. #16 at 3.  Accordingly, the Court finds that U.S. Bank's requested relief is warranted and GRANTS its Motion.

Under Rule 37(b)(2)(C), in addition to the above sanction, the Court "must order [Plaintiff] to pay the reasonable expenses, including attorney's fees, caused by the failure [to

ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS - 3

comply with the Court's discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." U.S. Bank argues that it should be awarded "the full amount of attorneys fees and costs incurred in defending this action," however U.S. Bank cites to no authority for that proposition. Instead, the Court finds that U.S. Bank should be awarded only the reasonable expenses incurred after Plaintiff failed to comply with the Court's Order granting U.S. Bank's Motion to Compel, beginning on December 15, 2016. Given the circumstances of this case, the Court determines that the award of further expenses would be unjust and is not supported by sufficient legal authority. The Court has reviewed U.S. Bank's supporting declaration, determined that the specific hours in question and rate are reasonable, and calculates the award at a sum of $2,080.50.

### III.  CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants Glogowski Law Firm and Allegiant Law Group's Motion to Join (Dkt. #18) is GRANTED.

2) Defendant U.S. Bank National Association's Motion to Dismiss (Dkt. #16) is GRANTED IN PART.

3) This case is DISMISSED with prejudice.

4) Plaintiff shall pay Defendant U.S. Bank the sum of $2,080.50 in attorneys' fees within **ten (10) days** of the entry of this Order.

//

//

//

ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS - 4

1  DATED this 31st day of March 2017.

2

3

4  RICARDO S. MARTINEZ
   CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS - 5